UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GARY L. LEWIS,<br><br>       Plaintiff,<br><br>  vs.<br><br>SAN PABLO LYTTON CASINO & CHRIST TOPHER<br><br>       Defendants. | Case No: C 11-5060 SBA<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. 4, 12 |

## I. INTRODUCTION

Plaintiff Gary L. Lewis filed the instant pro se action, apparently pursuant to 42 U.S.C. § 1983, against San Pablo Lytton Casino and "Christ Topher," along with a request to proceed in forma pauperis ("IFP"). Dkt. 1, 4. Subsequent to filing his Complaint, Plaintiff filed a motion to disqualify the undersigned and a motion for permission to e-file through the Court's Electronic Case Filing program ("ECF"). Dkt. 12, 13. The Court discusses these matters in turn.

## II. DISCUSSION

### A. PRE-SCREENING OF THE COMPLAINT

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed IFP prior to service and to dismiss the case at any time if the court determines that:

(1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The basis of Plaintiff's claims against San Pablo Lytton Casino and Christ Topher are unclear. The Complaint does not allege any facts. Rather, the pleadings consist entirely of citations to the Fourth Amendment, Fourteenth Amendment, California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq., and California Penal Code §§ 422.6-422.865. But in order to state a cognizable claim, Plaintiff must plead more than mere labels and conclusions; he must also plead the facts that show the grounds for his entitlement to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Here, Plaintiff fails to identify any particular actions by any particular Defendant that allegedly gives rise to this lawsuit. At a minimum, the Complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Since Plaintiff's Complaint fails to meet these requirements, the Court dismisses the action with leave to amend to provide such information in an amended complaint.

### B. MOTION FOR DISQUALIFICATION

Title 28, United States Code, section 455(a), states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for disqualification under § 455(a) is an objective one; namely, "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotation marks omitted). Disqualification is also authorized under 28 U.S.C. § 144, which provides that if "the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further . . . ." Under both statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). The decision on a motion to disqualify a judge is a matter of the district court's discretion. Id.

In the instant case, Plaintiff has adduced no facts or other information to raise any issues regarding the impartiality of the undersigned. Rather, Plaintiff merely complains that someone in the Clerk's Office provided him with incorrect information regarding the issuance of summons. Dkt. 13 at 2. According to Plaintiff, on November 1, 2011, an unidentified clerk refused to issue summons to him because his IFP application was still pending. Id. Setting aside that the clerk's actions have no bearing on the undersigned's impartiality, the clerk's response to Plaintiff was, in fact, correct. In the event the Court were to grant Plaintiff's IFP application *and* find that he had stated cognizable claims, the Court would order service of the Complaint on the Defendants. In that case, the issuance of summons would be unnecessary because service would be accomplished on Plaintiff's behalf by the Court. In sum, the Court concludes that Plaintiff's motion for recusal is without merit, and therefore, is DENIED.

**C. MOTION TO E-FILE**

Cases filed by pro se litigants are automatically excluded from the Court's ECF program. See Gen. Order No. 45. Plaintiff has submitted a request for permission to register as an ECF user, but has provided no reason for his request. Accordingly, Plaintiff's request is DENIED.

**III. CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's request to proceed IFP is GRANTED.

2. Pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is DISMISSED for failure

to state a claim.  Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a First Amended Complaint, consistent with this Order.  In the event Plaintiff fails to file an amended complaint within that time-frame, the Court will dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b), which will terminate the action.

3. Plaintiff's motion for disqualification and motion to register for participation in the ECF program are DENIED.

4. This Order terminates Docket 4 and 12.

IT IS SO ORDERED.

Dated: November 17, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LEWIS et al,

       Plaintiff,

 v.

SAN PABLO LYTTON CASINO et al,

       Defendant.

                                                 Case Number: CV11-05060 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary L. Lewis
P.O. Box 99194
Emeryville, CA 94608

Dated: November 18, 2011
                                      Richard W. Wieking, Clerk

                                                     By: LISA R CLARK, Deputy Clerk